
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATLAS FLOORING, LLC, an Arizona limited liability company, | No. 09-17036 |
| | No. 10-15512 |
| Plaintiff-counter-defendant – Appellee, | D.C. No. 2:07-CV-01741-SRB |
| v. | MEMORANDUM* |
| PORCELANITE S.A. DE C.V., a foreign corporation, DBA Grupo Porcelanite S.A., | |
| Defendant-counter-claimant – Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted February 14, 2011
San Francisco, California

Before: O'SCANNLAIN and TROTT, Circuit Judges, and CAMPBELL,** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.


\*\*      The Honorable Tena Campbell, Senior United States District Judge
for the District of Utah, sitting by designation.

Following a jury verdict in this diversity action, the district court denied Porcelanite's renewed motions for judgment as a matter of law under Fed. R. Civ. P. 50(b) and its motion for a new trial under Fed. R. Civ. P. 59(a). Porcelanite appealed, and we affirm. Porcelanite also appealed the district court's award of attorneys' fees and costs (see Consolidated Appeal No. 10-15512). But in its opening brief Porcelanite did not present argument supporting that claim. Consequently, Porcelanite waived that issue on appeal. Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996).

## 1.  Standard of Review

We review the denial of a motion for judgment as a matter of law de novo, and view the evidence in the light most favorable to Atlas. Lakeside-Scott v. Multnomah Cnty., 556 F.3d 797, 802 (9th Cir. 2009) ("Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury."). We review for abuse of discretion a district court's denial of a motion for a new trial and must uphold a jury verdict if it is supported by substantial evidence. Guy v. City of San Diego, 608 F.3d 582, 585 (9th Cir. 2010).

2

## 2. Liability

### a. Breach of Contract

Porcelanite challenges the factual basis for the jury's verdict on Atlas's contract claims. At trial, each party presented conflicting testimony about their understanding of the contract and their intentions. The jury chose to believe witnesses whose testimony favored Atlas's contract interpretation. This Court may not second-guess the jury's credibility findings or weighing of the evidence. Id. A review of the record shows that the jury verdict on Atlas's contract claims was supported by substantial evidence. Id.; Lakeside-Scott, 556 F.3d at 802.

### b. Fraud

Porcelanite challenges the jury's finding of intent to defraud. A review of the record shows that sufficient evidence exists to support the jury's finding that Porcelanite intended to and did make fraudulent misrepresentations, so the Court will not disturb the verdict on that basis. Guy, 608 F.3d at 585.

Porcelanite also contends that Atlas did not present any evidence that Porcelanite's misrepresentation caused Atlas's lost profit damages. Porcelanite does not provide any authority to support its proposition that a victim of fraud is prohibited from recovering lost profits even if a jury finds that the fraud victim's reliance on the misrepresentation caused damage. Viewing the evidence in a light

3

most favorable to Atlas, the Court concludes that a reasonable jury could find that Atlas relied on Porcelanite's misrepresentations, which caused damage to Atlas. Id.; Lakeside-Scott, 556 F.3d at 802-03. Accordingly, the jury's fraud verdict is valid.

### c. Intentional Interference with Business Expectancies

Porcelanite argues that Atlas did not have a valid business expectancy in its dealings with Lowe's and that Atlas failed to prove that any interference by Porcelanite caused Atlas's injuries. Reviewing the evidence in a light most favorable to Atlas, the Court holds that there was sufficient evidence to support the jury's verdict that Atlas had a valid business expectancy, and that Porcelanite's actions interfered with that expectancy. Guy, 608 F.3d at 585; Lakeside-Scott, 556 F.3d at 802-03. See also Antwerp Diamond Exch. of Am., Inc. v. Better Bus. Bureau of Maricopa Cnty., Inc., 637 P.2d 733, 740 (Ariz. 1981).

### 3. Atlas's Expert Witness on Damages

Porcelanite challenges the admissibility of the testimony of Atlas's damages expert, Bradley Preber, under Daubert v. Merrell Dow Pharms., Inc., 43 F.3d 1311 (9th Cir. 1995). Porcelanite did not challenge Mr. Preber's testimony on the basis of his qualifications or the relevance of his opinions but on the basis that his conclusions were unreliable because he used an unsound methodology. Mr.

Preber, a CPA, used a professionally recognized method of calculating lost profits. The district court correctly determined that Porcelanite's complaints about Mr. Preber's testimony went to the weight, not the admissibility, of the expert testimony. Stilwell v. Smith & Nephew, Inc., 482 F.3d 1187, 1192 (9th Cir. 1995). The district court's decision to admit the testimony of Mr. Preber was not an abuse of discretion. Humetrix, Inc. v. Gemplus S.C.A., 268 F.3d 910, 919 (9th Cir. 2001).

Additionally, contrary to Porcelanite's argument, the district court did not abuse its discretion when it allowed Mr. Preber to testify about his updated damage calculations. Mr. Preber did not issue a new report. Rather, he updated his report (using the same methodology) based on more current information reflecting ongoing damages. This was not error. U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co., 576 F.3d 1040, 1043 (9th Cir. 2009).

**4.    Damages**

In awarding damages, a jury has broad discretion in weighing the evidence, and the Court is not to substitute its judgment for that of the jury. Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 95 F.3d 1422, 1435 (9th Cir. 1996). "We must uphold the jury's finding unless the amount is grossly excessive or

5

monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." Id.

### a. Compensatory Damages

Porcelanite challenges the jury's compensatory damages award, arguing that the award was based upon speculation, improperly provided double recovery, and was impermissible under the economic loss doctrine.

#### i. Speculation

Contrary to Porcelanite's contention, the jury did not speculate when it calculated the damages award. Under Arizona law, Atlas, the prevailing party, showed the amount of its damages with reasonable certainty. Gilmore v. Cohen, 386 P.2d 81, 82 (Ariz. 1963). Atlas's damages expert witness testified that the conservative high end of Atlas's total damages (for the liability theories combined) was $30.7 million. The jury awarded $32.3 million. In addition to the expert testimony (including his damage summary tables), the record contained other evidence providing a reasonable basis for the slightly higher amount awarded by the jury. The expert presented projections about future sales between the date of his damage estimate and the time of trial, and Atlas introduced evidence that Porcelanite continued making sales to Lowe's after the damages period calculated by the expert witness. This is not a situation where the award is "clearly not

6

supported by the evidence." <u>Los Angeles Mem'l Coliseum Comm'n v. NFL</u>, 791 F.2d 1356, 1360 (9th Cir. 1986). Accordingly, the Court upholds the compensatory damages award.

### ii. Double Recovery

The Court finds that the jury did not award duplicate damages to Atlas. The nature of the jury's verdict does not suggest double recovery. The expert witness testified about lost profits without relegating the damages to a particular theory of liability. The jury allocated the total amount of damages to the different theories. Atlas is not required to demonstrate how the jury reached the damages amount. It is enough that a rationale for the jury's division of the damages total can be derived from the record. <u>Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.</u>, 369 U.S. 355, 365 (1962); <u>Morissette v. United States</u>, 342 U.S. 246, 276 (1952). Furthermore, Porcelanite, in failing to poll the jury or attempt to resolve ambiguities in the verdict before the jury was excused, cannot now use any uncertainty or confusion to set aside the verdict.

### iii. Economic Loss Doctrine

The economic loss doctrine does not bar Atlas's recovery of compensatory tort damages. Arizona courts have applied the economic loss doctrine only to non-intentional torts in the products liability and construction defects context. <u>Flagstaff</u>

7

Affordable Housing Limited Partnership v. Design Alliance, Inc., 223 P.3d 664 (Ariz. 2010) (*en banc*). There is no logical connection between those contexts and the exclusive distribution contract at issue here. Adopting Porcelanite's position would result in an impermissible expansion of Arizona law. Ticknor v. Choice Hotels Int'l, Inc., 265 F.3d 931, 939 (9th Cir. 2001).

### b. Punitive Damages

Porcelanite contends that the $25 million punitive damages award was unconstitutional because it was grossly excessive. Southern Union Co. v. Irvin, 563 F.3d 788, 791 (9th Cir. 2009). When considering the constitutionality of a punitive damage award, the Court considers the degree of reprehensibility of the sanctioned party's actions, the disparity between the actual and punitive damage awards, and the difference between the punitive damage award and comparable civil penalties.[1] State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 418 (2003).

Porcelanite consciously disregarded Atlas's interests and rights. Although no physical harm occurred, Porcelanite's selfish conduct was motivated by greed and resulted in profits for Porcelanite at Atlas's expense. Porcelanite consciously

---

[1]This third factor is not applicable here because the parties did not present comparable civil penalties. Porcelanite's cite to criminal penalties is not relevant.

and repeatedly concealed its actions and made millions of dollars from its sales to Lowe's.[2] The "infliction of economic injury, especially when done intentionally through affirmative acts of misconduct . . . can warrant a substantial penalty." BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 576 (1996).

The disparity between the actual and punitive damage amounts is not significant. The jury's punitive damages award was approximately 1.5 times Atlas's tort damages. This is below the ratios this Court has approved as constitutional. See, e.g., Southern Union, 563 F.3d at 792; Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coalition of Life Activists, 422 F.3d 949, 962 (9th Cir. 2005); Zhang v. Am. Gen. Seafoods, Inc., 339 F.3d 1020, 1044 (9th Cir. 2003).

For the foregoing reasons, this Court concludes that the punitive damages award was not grossly excessive and did not violate Porcelanite's due process rights.

---

[2]Porcelanite argues that it acted on the honest belief that Lowe's would no longer stock Atlas's products. Porcelanite further argues that the district court erred in excluding from evidence an e-mail from Lowe's to that effect. Assuming, without deciding, that the e-mail should have been admitted as evidence, the content and weight of that lone e-mail is not enough to tip the already heavily-weighted scale in Porcelanite's favor.

In sum, there is no basis to disturb the jury's determination of Atlas's compensatory or punitive damages.

**AFFIRMED.**