FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW KASPER, | No. 10-56527 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-02673-VAP-RNB |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION and KELLY HARRINGTON, Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted August 28, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, BEA, and CHRISTEN, Circuit Judges.

California state prisoner Matthew Kasper appeals the district court's order

denying his 28 U.S.C. § 2254 habeas petition. He argues there was insufficient

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence to support his conviction for attempted robbery and assault with a firearm. We review de novo the district court's order denying habeas relief. *Juan H. v. Allen*, 408 F.3d 1262, 1269 n.7 (9th Cir. 2005). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

When reviewing a challenge to the sufficiency of the evidence, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, "we apply the standards of *Jackson* with an additional layer of deference." *Juan H.*, 408 F.3d at 1274 (citing § 2254(d)).

Petitioner argues the victim's in-court identification of him was unreliable and that the victim was not credible. Our review of the record shows there was sufficient evidence to allow a reasonable fact finder to convict petitioner. It was the jury's task to weigh the victim's credibility. *Guy v. City of San Diego*, 608 F.3d 582, 585 (9th Cir. 2010). Conflicting evidence was introduced regarding the description of the suspects, but the victim's description was consistent with petitioner's appearance. And the record contains reasons to doubt the probative value of the victim's failure to identify petitioner in a photographic lineup. We

2

must presume the jury "resolved any . . . conflicts in favor of the prosecution." *Jackson*, 443 U.S. at 326.

Some of the evidence against petitioner was circumstantial. For example, petitioner admitted he was present at the incident. But the state court's determination that the evidence was sufficient to support petitioner's conviction is not "contrary to" or "an unreasonable application" of *Jackson* and is not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). Accordingly, we affirm.

**AFFIRMED.**