**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TYLER H. WILLIS,<br><br>        Plaintiff - Appellee,<br><br>v.<br><br>ANTHONY D. VASQUEZ; et al.,<br><br>        Defendants - Appellants. | Nos. 14-55721<br>       14-56200<br><br>D.C. No. 2:10-cv-07390-JAK-DTB<br><br>MEMORANDUM* |

Appeals from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted April 7, 2016
Pasadena, California

Before: TASHIMA, SILVERMAN, and GRABER, Circuit Judges.

Defendants-Appellants, who are Los Angeles County Sheriff's Deputies

Anthony D. Vasquez, Mark V. Farino, Pedro L. Guerrero; County of Los Angeles

and Los Angeles County Sheriff's Department (the "Municipal Defendants"); and

Los Angeles County Sheriff Lee Baca and Captain Daniel Cruz (the "Supervisor

Defendants"), appeal from judgment entered against them by a jury verdict in a 42

---

    \*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S.C. § 1983 action filed by Plaintiff-Appellee Tyler H. Willis, a Los Angeles County post-arraignment, pretrial detainee, alleging federal constitutional claims and related state law claims. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.

**Bifurcation**

The district court did not abuse its discretion in denying Defendants' motion to bifurcate the trial because, given the overlap in the evidence used to prove Willis' claims against the Supervisor Defendants and the Municipal Defendants, bifurcation would have been costly and unnecessary. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (setting forth standard of review).

**Admission of CCJV Report and McCorkle Memorandum**

The district court did not abuse its discretion in admitting redacted portions of the Citizen's Commission on Jail Violence Report ("CCJV report") and the internal memorandum prepared by Lieutenant McCorkle ("McCorkle memorandum"). *See Causey v. Zinke (In re Aircrash in Bali, Indonesia)*, 871 F.2d 812, 816 (9th Cir. 1989) (per curiam) (setting forth standard of review).

The CCJV report and the McCorkle memorandum were investigative reports that were not prepared in connection with the incident at issue in this action and,

therefore, the investigations themselves were not remedial measures. The district court properly excluded or redacted from the reports any remedial measures actually taken. Furthermore, the reports were directly relevant to Willis' claims against the Supervisor Defendants because the reports provided evidence of knowledge of numerous prior incidents of unreasonable force, but a failure to discipline, or train subordinate officers to prevent their reoccurrence. *See Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (explaining that a supervisor can be liable under § 1983 for "his own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others" (internal quotations marks omitted)); s*ee also Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015) (explaining that, under § 1983, municipality's "custom or practice can be inferred from evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded" (internal quotations marks and ellipsis omitted)); *Henry v. Cty. of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997) ("When a county continues to turn a blind eye to severe violations of inmates' constitutional rights—despite having received notice of such violations—a rational fact finder may properly infer the existence of a previous policy or custom of

deliberate indifference"), *as amended by* 37 F.3d 1372, 1372 (9th Cir. 1998) (order).

Lastly, the district court gave an adequate limiting instruction explaining that the evidence was admitted only for a limited purpose, and what that purpose was. *See Velazquez*, 793 F.3d at 1028 (holding that potential prejudice can be cured by an appropriate limiting instruction); *see also Dubria v. Smith*, 224 F.3d 995, 1002 (9th Cir. 2000) (en banc) ("[C]autionary instruction[s] [are] presumed to have cured prejudicial impact.").

**Excessive Force and Deference Jury Instructions**

The district court declined to give two of Defendants' requested instructions: that Willis must prove that "defendants acted maliciously and sadistically for the purpose of causing harm" consistent with the Eighth Amendment to prevail on his excessive force claim; and that the jury "should give deference to prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security in a prison."

In *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015), the Supreme Court held that a pretrial detainee is required to prove only that the force used was objectively unreasonable. Therefore, the district court did not err in denying

Defendants' proposed jury instruction on "sadistic and malicious" use of force consistent with the Eighth Amendment.

However, as to the deference instruction, the district court erred in refusing to instruct the jury that deference should be given to jail officials' judgment in preserving order and discipline to maintain the jail's security. "[M]aintaining institutional security and preserving internal order are essentials goals [of a prison]" and, accordingly, in certain instances, "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979); *see also Kingsley*, 135 S. Ct. at 2473 (quoting *Bell* and stating that the reasonableness of force used against pretrial detainee must account for the legitimate interests that stem from the government's need to manage the jail facility).

We have held that the failure to instruct the jury on deference afforded prison officials for a prisoner's Eighth Amendment conditions of confinement claim can constitute reversible, prejudicial error. *Norwood v. Vance*, 591 F.3d 1062, 1067 (9th Cir. 2010). Here, though, the error was harmless. Given the extensive injuries that Willis sustained and the fact that the jury awarded punitive

damages, the verdict would "more probably than not" have been the same, absent the error. *Clem v. Lomeli*, 566 F.3d 1177, 1182-83 (9th Cir. 2009). Additionally, the jury instruction given by the district court already asked the jury to consider: "Whether the force was used for punishment or in a good faith effort to maintain or restore safe conditions in the jail" and, thus, the jury already was required to consider whether Defendants' use of force was necessary to maintain the jail's security.

**Motion for New Trial**

The district court did not abuse its discretion in denying Defendants' motion for new trial because there was substantial evidence to support the jury's verdict and award of punitive damages against Baca, Cruz, and the County of Los Angeles as documented in the CCJV report and the McCorkle memorandum. *See Guy v. City of San Diego*, 608 F.3d 582, 585 (9th Cir. 2010) (setting forth standard of review).

**Inconsistent Jury Verdict**

Despite what Defendants contend, the jury's verdict in favor of Vasquez on the state law battery claim is not fatally inconsistent with its verdict against Vasquez on the excessive force claim. Given that Willis was repeatedly struck with a flashlight and tasered by Guerrero, and given that Farino repeatedly

6

punched Willis in the face, the jury reasonably could have concluded that, although *some* force could have been used, the *amount* of force was excessive. *See id.* at 586 (explaining that this court should reconcile the jury's special verdict responses if possible). In any event, inconsistent verdicts are not per se reversible. *United States v. Horowitz*, 756 F.2d 1400, 1406 (9th Cir. 1985).

**Attorney's Fees**

For the first time on appeal, Defendants contend that Willis' counsel fees were limited to 150% of the judgment, or $435,000, under 42 U.S.C. § 1997e(d) of the Prison Litigation Reform Act ("PLRA"). We typically "decline to consider arguments raised for the first time on appeal." *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1235 (9th Cir. 2015) (internal quotation marks omitted)). However, we may exercise discretion to hear an issue for the first time on appeal if the issue is "purely one of law, does not affect or rely upon the factual record developed by the parties, and will not prejudice the party against whom it is raised." *Id.* (internal quotation marks omitted).

Because the issue presented here is purely one of law, and because it is clear that there is no prejudice to Willis, we will exercise our discretion here. Any legal argument Willis could have raised below, he could raise here; no facts on this point are disputed. Moreover, this legal issue has been fully vetted on appeal.

Under the PLRA, attorney's fees are limited to 150% of the monetary judgment. 42 U.S.C. § 1997e(d)(2); *Woods v. Carey*, 722 F.3d 1177, 1179 (9th Cir. 2013). Here, the amount of the monetary judgment was $290,000.[1] Pursuant to 42 U.S.C. § 1997e(d)(2), Defendants are responsible for paying Willis' attorney's fees: $435,000 or 150% of the monetary judgment.[2]

While the district court appropriately calculated the reasonable amount of attorney's fees pursuant to 42 U.S.C. § 1997e(d)(1), this amount was subject to the cap under subsection (d)(2). Accordingly, we vacate the amount of the attorney's fees award and remand to the district court for further proceedings consistent with this disposition.

Willis' request to strike Volume 12 of the Excerpts of Record, as set forth in the Answering Brief, is denied because the documents in Volume 12 were part of the district court's docket and thus are properly part of the record on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.** The parties shall bear their own costs on appeal.

_____

[1] The jury awarded $125,000 in compensatory damages and $165,000 in punitive damages.

[2] Title 42 U.S.C. § 1997e(d)(2) also provides that up to 25% of the judgment shall be applied to satisfy the amount of attorney's fees.