

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEKSANDR BINKOVICH,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>BRUCE BARTHELEMY,<br>Officer, Badge #4066,<br><br>        Defendant-Appellant. | No. 14-16768<br><br>D.C. No. 5:11-cv-03774-PSG<br><br><br>MEMORANDUM* |
| ALEKSANDR BINKOVICH,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>BRUCE BARTHELEMY,<br>Officer, Badge #4066,<br><br>        Defendant-Appellee. | No. 14-16888<br><br>D.C. No. 5:11-cv-03774-PSG |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted November 14, 2016
San Francisco, California

Before: GOULD, CLIFTON, and WATFORD, Circuit Judges.

Defendant Bruce Barthelemy appeals the district court's denial of his motions for judgment as a matter of law under Federal Rules of Civil Procedure 50(a) and 50(b), regarding qualified immunity and excessive force, and challenges a jury instruction. Plaintiff Aleksandr Binkovich cross-appeals the district court's decision to strike the jury's award of punitive damages. We affirm the district court's decisions on qualified immunity, excessive force, and the issuance of the jury instruction. We reverse the court's decision to strike punitive damages and remand for reinstatement of the jury's award.

The district court did not err in denying Defendant's motion for judgment as a matter of law with regard to qualified immunity. Defendant stipulated in a Joint Pretrial Conference Statement that there were no disputed legal issues, did not propose jury instructions or special interrogatories relevant to the defense, and did not assert the defense in a motion for summary judgment or otherwise prior to or during the trial. Other than in his answer to Plaintiff's complaint, Defendant asserted the qualified immunity defense for the first time in his post-trial motion under Federal Rule of Civil Procedure 50(a). While failure to move for summary

2

judgment alone does not forfeit the defense, *see Torres v. City of Los Angeles*, 548 F.3d 1197, 1210-11 (9th Cir. 2008), if summary judgment is not appropriate, the issue is left for trial. *Thompson v. Mahre*, 110 F.3d 716, 720 (9th Cir. 1997). Defendant did not present the defense at trial, however, and did not present a verdict form that would have elicited relevant factual findings from the jury. The language of Federal Rule of Civil Procedure 50(a) indicates that judgment as a matter of law may only be granted "[i]f a party has been fully heard on an issue during a jury trial." Defendants may not assert the defense for the first time in a post-trial motion under Federal Rule of Civil Procedure 50(a).

The court did not err in denying Defendant's motions for judgment as a matter of law on Plaintiff's excessive force claim. In reviewing a motion for judgment as a matter of law, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." *Torres*, 548 F.3d at 1205-1206 (quoting *LaLonde v. Cty. of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000)). A jury's verdict must be upheld if it is supported by substantial evidence, meaning "evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001). Assessing whether excessive force was used is a question of

"whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Viewing all evidence in the light most favorable to Plaintiff, substantial evidence supported the jury's finding that Defendant used excessive force in sweeping Plaintiff's legs out from under him while Plaintiff, only suspected of committing a noise violation, was walking towards the hotel's front desk. *See Guy v. City of San Diego*, 608 F.3d 582, 588 (9th Cir. 2010) ("[A] jury may properly refuse to credit even uncontradicted testimony.").

Because "each party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence," *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011) (internal quotation marks and citation omitted), the district court did not err in instructing the jury that a person may lawfully use reasonable force to defend himself if a peace officer uses unreasonable or excessive force while arresting or detaining that person. The instruction at issue is grounded in law, and would be applicable to the case if the jury believed Defendant's account. Although a trial court may modify instructions to make them clearly applicable to the case, it is not obligated to do so, and that the instructions might have been formulated to expound a party's theory more clearly

does not mean they are inadequate. *Reno-West Coast Distrib. Co., Inc. v. Mead Corp.*, 613 F.2d 722, 725-26 (9th Cir. 1979).

We reverse the district court's decision with regard to punitive damages and direct the reinstatement of the jury's award. "[A] challenge to the sufficiency of the evidence to support a punitive damage award must be rejected if the award is supported by substantial evidence." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 907 (9th Cir. 2002). The district court concluded that the jury's award of punitive damages was not supported by substantial evidence because there had been no testimony of overt cruelty by Defendant, reasoning that the question could be reduced to whether a reasonable jury could have concluded that Defendant "did not just make a mistake, but rather [went] out of his way to hurt [Plaintiff]." However, "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, *or when it involves reckless or callous indifference* to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983) (emphasis added). Viewing all evidence in favor of Plaintiff, substantial evidence supported the jury's finding that Defendant evidenced "callous indifference" in pushing Plaintiff against a wall and, without warning, sweeping his legs out from under him, when he presented no threat to the safety of the officers or others. *See id*. Because "reasonable minds

5

might accept [this evidence] as adequate to support [the jury's] conclusion," *see Fair Hous. of Marin*, 285 F.3d at 907 (quoting *Landes Const. Co., Inc. v. Royal Bank of Can.*, 833 F.2d 1365, 1371 (9th Cir. 1987)), we reverse the district court's decision to strike the award of punitive damages, and we remand with direction to reinstate the jury's award.

Costs awarded to Plaintiff.

**AFFIRMED in part, REVERSED and REMANDED in part.**