NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS MACKEY, <br><br>         Plaintiff-Appellant, <br><br>   v. <br><br> CAESAR ALBAN, Deputy/Detective, in his individual capacity; et al., <br><br>         Defendants, <br><br>   and <br><br> DOUG WOLFE, Detective/Deputy, in his individual capacity; GABRIEL PADILLA, Detective/Deputy, in his individual capacity, <br><br>         Defendants-Appellees. | No. 15-56688 <br><br> D.C. No. 5:09-cv-01124-GW-SP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 29, 2018[**]

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California state prisoner Thomas Mackey appeals pro se the district court's judgment following a jury verdict in favor of Doug Wolfe and Gabriel Padilla in Mackey's 42 U.S.C. § 1983 action alleging excessive force. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

It was not an abuse of discretion to allow evidence relating to Mackey's criminal record, outstanding warrants, and the occurrences leading up to the use of force because the district court adequately weighed the evidence's probative value against its prejudicial effect before its admission. *See Boyd v. City & County of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) ("As long as it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission, we conclude that the demands of [Fed. R. Evid.] 403 have been met." (citation and quotation marks omitted)).

It was not an abuse of discretion to exclude Wolfe's and Padilla's training records, San Bernardino County Sheriff's Department's use of force policy, and evidence concerning a complaint of excessive force against Padilla because the

district court adequately weighed the evidence's probative value against its potential to confuse the jury and prejudicial effect before exclusion.[1]  *See id.*

We sustain the unanimous jury verdict because it is supported by substantial evidence.  *See Guy v. City of San Diego*, 608 F.3d 582, 585 (9th Cir. 2010) ("We must uphold a jury verdict if it is supported by substantial evidence." (citation omitted)).

We do not consider matters raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

[1]  Because Mackey's motion for a new trial relied entirely on these evidentiary arguments, it was not an abuse of discretion to deny Mackey's motion.