**NOT FOR PUBLICATION**

FILED



JUL 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAYMOND KOVACIC and JARED
KOVACIC,

Plaintiffs-Appellants,

v.

COUNTY OF LOS ANGELES; et al.,

Defendants-Appellees.

No.   16-56141

D.C. No.
2:14-cv-07765-ODW-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted July 13, 2018[**]
Pasadena, California

Before:  IKUTA and N.R. SMITH, Circuit Judges, and MCNAMEE,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen M. McNamee, United States Senior District
Judge for the District of Arizona, sitting by designation.

Raymond and Jared Kovacic appeal the district court's order denying their post-verdict motion for judgment as a matter of law on their unsuccessful Fourth Amendment claims under 42 U.S.C. § 1983 and a new trial on damages on their successful Fourth Amendment claims. We have jurisdiction under 28 U.S.C. § 1291.

The Kovacics failed to make a timely Rule 50(a) motion, and therefore the district court did not err in denying the Kovacics' Rule 50(b) motion. *See Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1081 (9th Cir. 2009). Because "[a]sking if one will have the opportunity to make a [Rule 50(a)] motion and making a motion are two different things," *Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910, 923 (9th Cir. 2001), the Kovacics' counsel's statement that he had intended to make a Rule 50 motion was insufficient to carry his burden to make "a Rule 50 motion, even ambiguously or inartfully," *id.* at 924. Nor did the district court prevent counsel from making a timely motion, *cf. Reeves v. Teuscher*, 881 F.2d 1495, 1498 (9th Cir. 1989), or otherwise "induce[] him not to file the 50(a) motion," *Tortu*, 556 F.3d at 1083. Finally, counsel's opposition to the defendants' Rule 50(a) motion does not qualify as bringing an affirmative Rule 50(a) motion on the Kovacics' behalf, particularly given that the Kovacics' counsel did not "make[] a request, however denominated, that the court determine the evidence to

2

be insufficient as a matter of law." *Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1429 (9th Cir. 1986).

Even assuming we may review the district court's denial of the Kovacics' Rule 50(b) motion for plain error, there was sufficient evidence for a jury to reasonably find that the seizure of Raymond Kovacic was not an arrest, but rather an investigatory stop justified by reasonable suspicion. *See Sialoi v. City of San Diego*, 823 F.3d 1223, 1232 (9th Cir. 2016); *Gallegos v. City of Los Angeles*, 308 F.3d 987, 991–92 (9th Cir. 2002). Because there was not "an absolute lack of evidence supporting the verdict," *Benigni v. City of Hemet*, 879 F.2d 473, 476 (9th Cir. 1988), denial of the Kovacics' Rule 50(b) motion would not be a plain error.

The district court did not plainly err, *see* Fed. R. Civ. P. 51(d)(2), in declining to give a jury instruction based on *Taylor v. Pole*, 16 Cal. 2d 668 (1940) (per curiam), which would have been inconsistent with the federal and state instructions on damages: Ninth Circuit Model Jury Instruction 5.1 and California Civil Jury Instruction 3901.

Finally, the district court did not abuse its discretion in rejecting the Kovacics' motion for a new trial on the ground that the jury's award of $3 in nominal damages was contrary to the weight of the evidence. A jury could reasonably find that the Kovacics suffered no actual damages from an

3

unreasonable search of the home.  *See George v. City of Long Beach*, 973 F.2d 706, 708–09 (9th Cir. 1992).  Although Jared Kovacic was detained for 20 minutes, a jury could reasonably find that this brief deprivation of liberty does not amount to a per se actual injury, unlike the 100 days of incarceration that we deemed to be an actual injury in *Hazle v. Crofoot*, 727 F.3d 983, 991–92 (9th Cir. 2013).  Moreover, the Kovacics' evidence of damages was based solely on their conclusory testimony, and the "jury may properly refuse to credit even uncontradicted testimony" as to "the nature and cause of [a plaintiff's] injuries." *Guy v. City of San Diego*, 608 F.3d 582, 588 (9th Cir. 2010).

**AFFIRMED.**