**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| IMPERIAL MERCHANT SERVICES, INC., a California corporation doing business as Check Recovery Systems,<br><br>*Plaintiff-Appellant,*<br><br>v.<br><br>BRADY G. HUNT,<br>*Defendant-Appellee.* | No. 07-15976<br><br>D.C. No.<br>CV-06-07795-MJJ<br>Northern District of California,<br>San Francisco<br><br>ORDER |

Filed May 12, 2008

Before: Stephen S. Trott and Sidney R. Thomas,
Circuit Judges, and Michael R. Hogan,* District Judge.

---

## ORDER

We respectfully certify the following question to the Supreme Court of California as set forth in the attached request:

1.  May a debt collector recovering on a dishonored check impose both a service charge under section 1719 of the California Civil Code and prejudgment interest under section 3287 of the California Civil Code?

We stay all further proceedings in this case in this Court and the district court pending receipt of the answer to the cer-

---

*The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

tified question. If the Supreme Court of California declines certification, we will resolve the issue according to our perception of California law.

The Clerk of the Court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, an original and ten copies of this Request with a certificate of service on the parties pursuant to California Rules of Court 8.548(d). Furthermore, pursuant to California Rules of Court 8.548(c), the parties and amici are directed to file with the Supreme Court of California copies of all briefs and excerpts of record submitted to this Court. This case is withdrawn from submission until further order of this Court.

## REQUEST FOR CERTIFICATION DIRECTED TO THE SUPREME COURT OF CALIFORNIA

Pursuant to Rule 8.548 of the California Rules of Court, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, hereby certifies to the Supreme Court of California the previously identified question of law. The California courts provide no controlling precedent on this question. The answer to the certified question will be determinative of this appeal. We respectfully request that the Supreme Court of California answer the certified question presented below. Our phrasing of the issue should not restrict the Court's consideration of the issue.

I. *Caption of the Case*

The caption of the case is:

IMPERIAL MERCHANT
SERVICES, INC., a California
corporation doing business as
Check Recovery Systems,

        Plaintiff-Appellant,

v.

BRADY G. HUNT,

        Defendant-Appellee.

No. 07-15976

D.C. No.
CV-06-07795-MJJ
Northern District
of California,
San Francisco

ORDER

Counsel for the parties are as follows:

Clark Garen, Law Offices of Clark Garen, Palm Springs, California, for the plaintiff-appellant.

O. Randolph Bragg, Horwitz, Hortwitz & Assoc., Chicago, Illinois; Paul Arons, Friday Harbor, Washington; for the defendant-appellee.

II. *Question of Law to be Answered*

    1. May a debt collector recovering on a dishonored check impose both a service charge under section 1719 of the California Civil Code and prejudgment interest under section 3287 of the California Civil Code?

III. *Statement of Facts*

Plaintiff/Appellant Imperial Merchant Services, d.b.a. Check Recovery Systems ("CRS"), appeals the district court's affirmance of a bankruptcy court's partial grant of summary judgment against Defendant/Appellee Brandy Hunt. Hunt

wrote a $137.15 check to Pak n' Save, which was returned unpaid due to insufficient funds. Safeway, Inc., which operates Pak n' Save, referred Hunt's check to CRS for collection. CRS then sent Hunt a letter demanding payment of the check, along with a $35 service charge, and $7.26 in interest. Subsequently, Hunt filed a Voluntary Petition for Bankruptcy, and CRS initiated an adversary proceeding in the action, challenging the dischargeablity of Hunt's check. The Bankruptcy Court granted a judgment of non-dischargeability to CRS on the dishonored check and held that CRS was entitled to a judgment for the check amount, a $35 service charge pursuant to section 1719 of the California Civil Code, and costs. The bankruptcy court found that CRS was not additionally entitled to pre-judgment interest. CRS filed an appeal in the district court of the Northern District of California, challenging the portion of the district court's decision that denied prejudgment interest. The district court affirmed. *Hunt v. Check Recovery Sys.*, 478 F.Supp.2d 1157, 1159 (N.D. Cal. 2007). CRS then filed an appeal with this Court.

## IV.   *The Need for Certification*

All parties agree that the instant litigation is of the utmost importance to California creditors, California consumers, and the California economy. The only issue for resolution is one of state law. Federal courts are bound by the pronouncements of the state's highest court on applicable state law. *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 524 (9th Cir. 1989). However, the decisions of California appellate courts provide no controlling precedent on this issue of state law; thus, this case satisfies the criteria for certification. *See* Cal. Rules of Court 8.548(a). Resolution of the state law issue involved in this litigation will have a substantial effect on California law and the citizens of California, not only on the question presented by this case, but in future debt collection actions. Therefore, principles of comity suggest that decisions about California state law be made by California courts.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.