**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRANDY HUNT, on behalf of herself
and others similarly situated;
BRIAN CASTILLO,
            *Plaintiffs-Appellees,*

            v.

IMPERIAL MERCHANT SERVICES, INC.,
dba Check Recovery Systems,
Inc.,

            *Defendant-Appellant.*

No. 07-16418

D.C. No.
CV-05-04993-MJJ

OPINION

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Argued and Submitted
February 13, 2009—San Francisco, California

Filed March 31, 2009

Before: William C. Canby, Jr., Ronald M. Gould, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Gould

---

## COUNSEL

Paul S. Arons, Law Office of Paul Arons, Friday Harbor, Washington, and O. Randolph Bragg, Horowitz, Horowitz & Associates, Chicago, Illinois, for the plaintiffs-appellees.

Clark Garen, Law Offices of Clark Garen, Palm Springs, California, for the defendant-appellant.

---

## OPINION

GOULD, Circuit Judge:

Class action defendant Imperial Merchant Services, Inc. ("IMS") appeals the district court's interlocutory order requiring it to pay the costs of notifying the plaintiff class. The class

action alleges that IMS' debt collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* The district court certified a plaintiff class, granted partial summary judgment for the plaintiffs on their Fair Debt Collection Practices Act ("FDCPA") claim, and then ordered IMS to pay the costs of notifying class members because the summary judgment order established that IMS was liable on the merits. We have jurisdiction to review the notice cost order under the collateral order doctrine of 28 U.S.C. § 1291. We affirm the order and hold that a district court has the discretion to require a class action defendant to pay the costs of class notification when the court has already determined that the defendant is liable on the merits.

# I

This appeal reaches us in unusual procedural circumstances that have resulted in two active appeals assigned to different panels of our circuit. Brandy Hunt and Brian Castillo (collectively "Hunt") filed a class action complaint against IMS, alleging that it violated the FDCPA by attempting to collect both an interest charge and a statutory service charge on dishonored checks. The district court concluded that whether IMS violated the FDCPA turned on whether California law permits a debt collector to demand both a statutory service charge and interest in addition to the debt amount. *Hunt v. Check Recovery Sys., Inc.*, 478 F. Supp. 2d 1157, 1161 (N.D. Cal. 2007). The district court granted Hunt partial summary judgment on liability in March 2007, concluding that IMS' collection efforts violated California law and thus the FDCPA. In a separate order filed the same day, the district court certified two subclasses under Federal Rules of Civil Procedure ("Rule") 23(b)(2) and 23(b)(3), with Hunt and Castillo as named plaintiffs.

On August 1, 2007, the district court ordered IMS to pay the cost of mailing notice to the Rule 23(b)(3) subclass members. The district court's decision relied on its partial sum-

mary judgment order that established IMS' liability on the merits. IMS timely appealed the order requiring it to pay notice costs, though it devoted much of its briefing to arguments that the class certification should be overturned.

The plaintiffs then at their own expense notified the class members. The district court granted IMS' motion for a stay of its order requiring IMS to reimburse the named plaintiffs for those notice costs. As a condition of the stay, IMS was required to post a $9,000 bond representing the costs of notifying the class. The stay is in effect for the duration of this appeal.

The class action was not the first time Brandy Hunt had pursued her FDCPA claim against IMS. Hunt had declared bankruptcy before filing her class action complaint, and the bankruptcy court determined that IMS could not collect both an interest charge and a statutory service charge from Hunt under California law. IMS appealed the bankruptcy court's decision to the district court, and the appeal was assigned to the same district judge responsible for the consolidated class action cases. The district court affirmed the bankruptcy court's decision, incorporating its March 2007 partial summary judgment order in this class action case as the basis for affirming. IMS appealed the district court's judgment affirming the bankruptcy court, and the appeal was assigned to a different panel of our circuit as case number 07-15976 (the "merits appeal"). On May 12, 2008, the other panel certified to the California Supreme Court the question whether a debt collector recovering on a dishonored check may impose both a service charge and prejudgment interest under California law. *Imperial Merchant Servs., Inc. v. Hunt*, 528 F.3d 1129, 1130 (9th Cir. 2008).

The California Supreme Court granted certification in July 2008, but has not yet issued its decision, and so the merits appeal is still active. The class action case has been stayed

since June 2008, pending resolution of both this appeal and the merits appeal.

## II

We review *de novo* whether a district court has authority to issue an order and review for an abuse of discretion the district court's exercise of that authority. *See, e.g., Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 823 (9th Cir. 2002) ("A district court's authority to grant an injunction is reviewed *de novo*, but the court's exercise of that power is reviewed for an abuse of discretion."); *United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 968 (9th Cir. 1999) ("The district court's denial of costs is reviewed for an abuse of discretion. Whether the district court has the authority to award costs, however, is a question of law reviewed *de novo*.") (citation omitted). We agree with the parties that *de novo* review is appropriate to the extent that IMS challenges the district court's legal power to impose class notice costs on a defendant when the district court's separate judgment on liability forms the basis for that decision and is still under appellate review. If we conclude that the district court has this authority, then we will review for abuse of discretion its decision to shift class notice costs. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978) (reversing an order shifting class notice costs because "the District Court abused its discretion in requiring petitioners to bear the expense of identifying class members").

## III

### A

IMS asks us to overturn the district court's class certification and notice cost orders, while Hunt contends that we lack jurisdiction to review either order. We review questions of our own jurisdiction *de novo*. *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1126 (9th Cir. 2007). We conclude that we lack juris-

diction to review the class certification order but that we may review the notice cost order.

**[1]** "Class certification orders generally are not immediately appealable." *Plata v. Davis*, 329 F.3d 1101, 1106 (9th Cir. 2003). We have discretion to permit interlocutory appeals of class certification orders under Rule 23(f), but IMS concedes it has not met the Rule's procedural requirements. Instead, IMS contends, without citing precedent, that by issuing the notice cost order the district court gave IMS a right to appeal the class certification order because IMS must be able to argue any issue that would establish that the notice cost order was incorrect. We have occasionally permitted appeals on class certification orders when they are "inextricably bound up" with a class-wide injunction appealable under 28 U.S.C. § 1292(a)(1), even if the appellant did not comply with Rule 23(f). *See Bates v. United Parcel Serv., Inc.*, 465 F.3d 1069, 1075-76 & n.5 (9th Cir. 2006); *Paige v. California*, 102 F.3d 1035, 1039-40 (9th Cir. 1996). Here, however, IMS attempts to piggyback its class certification appeal onto a notice cost order affecting only the parties, not an injunction affecting every class member. *Cf. Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000) ("We have consistently interpreted 'inextricably intertwined' very narrowly."). We reject IMS' argument that a district court's order shifting notice costs creates appellate jurisdiction over its earlier class certification order, and we conclude that we lack jurisdiction to review IMS' objections to class certification.

**[2]** In *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 171-72 (1974), the Supreme Court held that a district court's order imposing most of the class notice costs on the defendants was immediately appealable under the collateral order doctrine.[1]

---

[1]The collateral order doctrine states that an interlocutory order may be appealed under 28 U.S.C. § 1291 if it "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Englert v. MacDonell*, 551 F.3d 1099, 1103 (9th Cir. 2009) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).

We see no meaningful distinction between this case and *Eisen* for jurisdictional purposes and hold that the collateral order doctrine gives us jurisdiction under 28 U.S.C. § 1291 to consider an order placing class notice costs on a defendant. *See S. Ute Indian Tribe v. Amoco Prod. Co.*, 2 F.3d 1023, 1027-28 (10th Cir. 1993) (relying on *Eisen* to hold that jurisdiction existed to review order requiring parties to split class notice costs); *In re Victor Techs. Sec. Litig.*, 792 F.2d 862, 863-64 (9th Cir. 1986) (relying in part on *Eisen* in holding that the collateral order doctrine establishes appellate jurisdiction over an interlocutory order requiring a class action plaintiff to reimburse a third party for costs incurred during class notification).

**[3]** *Eisen* does not end our jurisdictional inquiry. It is possible that the notice cost issue will become moot once the merits appeal is decided. "The mootness doctrine asks the basic question whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties." *Flagstaff Med. Ctr., Inc. v. Sullivan*, 962 F.2d 879, 884 (9th Cir. 1992) (internal quotation omitted). At oral argument both parties argued that this case is not moot, "a factor that weighs in favor of our jurisdiction because a party moving for dismissal on mootness grounds bears a heavy burden." *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004) (internal quotation omitted)). "Nonetheless, we have an independent duty to consider *sua sponte* whether a case is moot, and we consider this issue *de novo*." *Id*. (internal citation omitted).

**[4]** IMS concedes that it must pay the class notice costs if it loses the merits appeal. Conversely, Hunt likely would be responsible for notice costs if the merits appeal is decided in IMS' favor, because the basis for the district court's ruling was that IMS was liable on the merits. Consequently, any decision by the merits appeal might make this appeal moot because presumably the parties would no longer dispute

which side should pay the notice costs.[2] *See Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (stating that case can become moot "[a]t any stage of the proceeding"); 13C Charles Alan Wright et al., Federal Practice and Procedure § 3533.10 (3d ed. 1998) (citing "basic rule that a case must remain alive throughout the course of appellate review"); *but see Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1132 (9th Cir. 2005) (en banc) (" 'To abandon the case at an advanced stage may prove more wasteful than frugal,' and a flexible application of the mootness doctrine may therefore be appropriate." (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 191-92 (2000))).

**[5]** But even accepting that this appeal might become moot once the merits appeal is decided, that has not yet happened. We conclude that this appeal is not moot now and that we may review the notice cost order. As a condition of the stay on the notice cost order pending this appeal, IMS has posted a supersedeas bond to the district court covering the notice costs. Had we decided in IMS' favor, then the district court would have released the bond to IMS, which would reduce its costs and exposure. On the other hand, our holding affirming the district court ensures that Hunt will be reimbursed for the notice costs that Hunt has already paid, an amount now secured by the supersedeas bond. We conclude that there is a "sufficient prospect that [our] decision will have an impact on the parties" and decline to dismiss this appeal on mootness grounds. *Flagstaff Med. Ctr.*, 962 F.2d at 884.

**[6]** This appeal, while not moot in a classical sense, may be characterized as being "anticipatorily moot" because an impending decision in the merits appeal might eliminate the

---

[2]Our reasoning does not imply that this case necessarily would become moot if the merits appeal were already decided. There might still be jurisdiction under one of the "numerous exceptions to mootness" articulated by the Supreme Court. *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1141 (9th Cir. 2005) (en banc) (W. Fletcher, J., dissenting).

controversy between the parties. Perhaps some cases that are "anticipatorily moot" might permissibly be dismissed under a doctrine of "prudential mootness," adopted by some of our sister circuits, under which a court can dismiss an appeal not technically moot if "circumstances [have] changed since the beginning of litigation that forestall any occasion for meaningful relief." *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997); *see also Chamber of Commerce v. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980) ("In some circumstances, a controversy, not actually moot, is so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant."). However, we are not required to dismiss a live controversy as moot merely because it may become moot in the near future.

**[7]** Even if it is assumed that we have discretion to dismiss this case as "anticipatorily moot," we decline to do so because this case gives us an opportunity to decide an issue that often arises in district courts but typically evades appellate review. So far as we are aware, no appellate court has addressed in a published opinion whether a district court's determination that a class action defendant is liable on the merits entitles the district court to shift notice costs to that defendant. This absence of authority is not surprising. Because the losing party in a class action typically is responsible for class notice costs, there is no need for an appellate court reviewing a final merits judgment also to review a notice cost order that is based on a party's liability. Even when a party is able to appeal an interlocutory notice cost order that is based on a liability determination, by the time the case is adjudicated the district court may have calculated damages and issued a final judgment, rendering the notice cost issue moot. Nonetheless, in cases where liability is disputed on appeal or where there is a considerable lag between the notice cost order and a final judgment, the imposition of notice costs could be a significant burden on a party, one it could not always recoup if it later prevails on liability in its appeal. Here, IMS has argued that

it cannot afford to continue operations and pay the class notice costs. There may also be cases where absent the shifting of notice costs upon determination of summary judgment liability, plaintiffs would have difficulty funding notice costs if the class is extremely numerous. It is perhaps not an easy question, but having considered all these circumstances we hold that we may consider an interlocutory appeal of an order shifting class notice costs, even if the issue may likely become moot at some time in the near future. We therefore proceed to assess the merits of the order shifting class notice costs.

**B**

**[8]** "The usual rule is that a plaintiff must initially bear the cost of notice to the class." *Eisen*, 417 U.S. at 178. "[C]ourts must not stray too far from the principle underlying [*Eisen*] that the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978). However, occasionally "the district court has some discretion" in allocating the cost of complying with an order concerning class notification. *Id.* at 350.

**[9]** We have never addressed when it is appropriate to place notice costs on a class action defendant. However, many district courts have placed notice costs on the class action defendant once the defendant's liability has been established. *See, e.g.*, *Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 58 (D. Conn. 2001) (agreeing with the plaintiff that "because liability has already been determined, defendant bears the cost of notice to the class"); *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 641 F. Supp. 259, 264 (D. Ariz. 1986) (directing defendants to pay notice costs in part because "liability of the defendants will have already been established"); *Catlett v. Missouri Highway and Transp. Comm'n*, 589 F. Supp. 949, 952 (D. Mo. 1984) (shifting notice costs "because the liability

of the [defendant] has been established"). These district court decisions point us towards recognizing, as commentators have suggested, a general principle that "interim litigation costs, including class notice costs, may be shifted to defendant after plaintiff's showing of some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure." 3 William B. Rubenstein, Alba Conte, and Herbert B. Newberg, Newberg on Class Actions § 8:6 (4th ed. 2007).

**[10]** IMS contends that the district court had no power to shift notice costs because "final liability" on the underlying merits action was still on appeal to this court. It argues that the prior district court cases shifting notice costs are inapposite because in none of them did a district court shift notice costs while liability was still contested on appeal. Even if IMS' interpretation of these cases is correct, we see no reason to suspend a district court's authority to shift notice costs based on a liability determination until after the time period for an appeal on liability has expired. Also, we have recognized a district court's power to shift interim costs to a defendant in the attorney fee context, even when the defendant might later prevail on the underlying merits question and be entitled to reimbursement. *See Rosenfeld v. United States*, 859 F.2d 717, 720 (9th Cir. 1988) (holding that interim attorney fee award was unreviewable even though "upon completion of the district court proceedings, the government could recover the interim fees it paid out if it successfully appealed the [merits issue], which formed the limited basis of the interim fee award").

**[11]** IMS concedes that district courts may award interim attorney fees but argues that these cases are distinguishable because it is easier to recollect fees from an attorney than from a plaintiff. But this argument implicates a district court's discretion in awarding interim fees, not its inherent power to do so. Although in *Rosenfeld* we implied we might be more willing to review an interlocutory fee award if those fees were

paid to a hard-to-reach plaintiff rather than to counsel, we never indicated that the recipient of the attorney fees would impact the district court's inherent authority to grant the award. *See id.* at 721. We hold that a district court in an appropriate case may award interim costs to a plaintiff by shifting class notice costs to a defendant even if the defendant might later be entitled to recover those costs.

[12] We next address whether the district court's decision shifting costs to IMS here was an abuse of discretion. IMS asserts that it will be unable to recollect notice costs from Hunt if IMS prevails on its merits appeal because Hunt has filed for bankruptcy. It argues that the district court's decision risks permanently depriving IMS of the notice cost amount, even if the outcome of the merits appeal entitles IMS to recover the notice costs it pays. This argument, however, overlooks the likelihood that had notice costs been placed on Hunt, Hunt might have had equal difficulty collecting from IMS if she prevailed in the merits appeal. While IMS' claim that it would be unable to recover from Hunt is somewhat speculative, IMS told the district court that it would be unable to pay the notice costs. IMS has not shown that its potential collection problems so outweigh those it conceded Hunt would face that the district court abused its discretion by forcing IMS to pay the notice costs. We hold that once the district court determined that IMS was liable on the merits, it had the discretion to shift the notice costs to IMS. Stated another way, the district court had discretion to choose not to impose on Hunt the burden of first advancing notice costs and then trying to recover those costs from IMS after a final judgment. We perceive no solution here that can avoid risk to both parties, and accordingly we think the proper placement of notice costs is best left to the sound discretion of district courts, once liability on the merits has been determined in the first instance. In such circumstances, the district courts are not required in all cases to shift notice costs but instead may consider the totality of circumstances to decide whether shifting notice costs is just in that particular case.

## IV

District courts may order a class action defendant to pay the cost of class notification after they determine that the defendant is liable on the merits. They may in an appropriate case shift these notice costs even when the liability decision is under appeal. Here, considering the totality of circumstances, we conclude that the district court did not abuse its discretion by placing the cost of class notification on IMS.

**AFFIRMED.**