PER CURIAM:
 

 Imperial Merchant attempted to recover both a service charge, pursuant to section 1719 of the California Civil Code, and prejudgment interest, pursuant to section 3287 of the California Civil Code, on a returned check. The district and bankruptcy courts concluded that the remedies were exclusive and that Imperial Merchant could not recover damages under both statutes.
 

 We certified that state law issue to the Supreme Court of California, stayed all proceedings pending receipt of the answer to the certified question, and withdrew the appeal from submission.
 
 Imperial Merck. Sews. v. Hunt,
 
 528 F.3d 1129 (9th Cir. 2008). The question posed on certification was as follows: “May a debt collector recovering on a dishonored check impose both a service charge under section 1719 of the California Civil Code and prejudgment
 
 *894
 
 interest under section 3287 of the California Civil Code?”
 
 Id.
 
 at 1130.
 

 The Supreme Court of California graciously accepted our certification request. The Supreme Court concluded that “the statutory damages prescribed in section 1719 are exclusive in the sense that a debt collector who recovers a service charge pursuant to section 1719 may not also recover prejudgment interest under section 3287.”
 
 Imperial Merck. Servs. v. Hunt,
 
 47 Cal.4th 381, 97 Cal.Rptr.3d 464, 212 P.3d 736 (2009).
 

 We resubmitted the appeal for decision. The reasoning of the California Supreme Court is self-explanatory and dispositive. The judgment of the district court is AFFIRMED.