**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IMPERIAL MERCHANT SERVICES, INC.,
a California corporation doing
business as Check Recovery
Systems,

*Plaintiff-Appellant,*

v.

BRADY G. HUNT,

*Defendant-Appellee.*

No. 07-15976

D.C. No.
CV-06-07795-MJJ

OPINION

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Argued April 17, 2008
Resubmitted for Decision September 1, 2009
San Francisco, California

Filed September 1, 2009

Before: Stephen S. Trott and Sidney R. Thomas,
Circuit Judges, and Michael R. Hogan,* District Judge.

Per Curiam Opinion

---

*The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

12197

## COUNSEL

For Imperial Merchant Services, Inc., plaintiff-appellant: Clark Garen, Esq., Attorney, Law Offices of Clark Garen, Palm Springs, California.

For Brady G. Hunt, defendant-appellee: Paul S. Arons, Esq., Attorney, Law Offices of Paul S. Arons, Friday Harbor, Washington; Irving L. Berg, Esq., Attorney, The Berg Law Group, Corte Madera, California; O. Randolph Bragg, Esq., Attorney, Horowitz Horowitz & Associates, Ltd, Chicago, Illinois.

**OPINION**

PER CURIAM:

Imperial Merchant attempted to recover both a service charge, pursuant to section 1719 of the California Civil Code, and pre-judgment interest, pursuant to section 3287 of the California Civil Code, on a returned check. The district and bankruptcy courts concluded that the remedies were exclusive and that Imperial Merchant could not recover damages under both statutes.

We certified that state law issue to the Supreme Court of California, stayed all proceedings pending receipt of the answer to the certified question, and withdrew the appeal from submission. *Imperial Merch. Servs. v. Hunt*, 528 F.3d 1129 (9th Cir. 2008). The question posed on certification was as follows: "May a debt collector recovering on a dishonored check impose both a service charge under section 1719 of the California Civil Code and prejudgment interest under section 3287 of the California Civil Code?" *Id.* at 1130.

**[1]** The Supreme Court of California graciously accepted our certification request. The Supreme Court concluded that "the statutory damages prescribed in section 1719 are exclusive in the sense that a debt collector who recovers a service charge pursuant to section 1719 may not also recover prejudgment interest under section 3287." *Imperial Merch. Servs. v. Hunt*, No. S163577, 2009 Cal. LEXIS 8030, at *2 (Cal. Aug. 10, 2009).

We resubmitted the appeal for decision. The reasoning of the California Supreme Court is self-explanatory and dispositive. The judgment of the district court is AFFIRMED.