**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD PLANTAN, | No. 09-16842 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-01045-LDG-GWF |
| v. | |
| CADIDA TRUST; EFTHIMIA ELIDAES LEKAR; JAMES OWENS; MICHAEL LEKAR, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Submitted May 16, 2012[**]
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Plaintiff Richard Plantan, a citizen of Illinois, filed an action in state court

alleging six state law claims against Defendants (Efthimia and Michael Lekar, the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lekars' trust, and James Owens). Defendants, citizens of Nevada, removed the case to federal court. The district court dismissed Plantan's complaint, awarded Defendants attorney's fees pursuant to Nev. Rev. Stat. § 17.115, and denied Plantan's Rule 59(e) motion to amend the attorney's fees judgment. Plantan appeals from the judgments.

1. *Standard of Review* — We review "questions of our own jurisdiction *de novo*." *Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1140 (9th Cir. 2009) (citation omitted). We review for abuse of discretion an award of attorney's fees made pursuant to state law. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999).

2. *Jurisdiction over Appeal from Judgment on the Merits* — The district court entered judgment dismissing Plantan's claims on February 1, 2007. Plantan filed an untimely notice of appeal on August 21, 2009, more than two years later. We therefore lack jurisdiction over Plantan's appeal on the merits. *See Bowles v. Russell*, 551 U.S. 205, 209 (2007) (describing Fed. R. App. P. 4's 30-day filing deadline as "mandatory and jurisdictional").

3. *Jurisdiction over Appeal from Attorney's Fees Judgment* – The district court entered judgment on the attorney's fees award on December 4, 2008. Plantan's Rule 59(e) motion, which was filed on the seventh business day after

2

entry of judgment, was timely. *See* Fed. R. Civ. P. 6 advisory committee's note on 2005 amendments. The district court denied Plantan's Rule 59(e) motion on July 22, 2009. Plantan filed his notice of appeal within thirty days of the denial of his Rule 59(e) motion.

4. *Attorney's Fees Judgment* – The Nevada Supreme Court has explained that a § 17.115 award of attorney's fees is discretionary. *RTTC Comm., LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 28 (Nev. 2005).

> [W]hen exercising discretion to award attorney fees based on such an offer, a court must consider . . . four factors . . .: (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount."

*Id.* (internal quotation marks and citation omitted).

We must "determine (1) whether the district court identified the correct legal standard for decision of the issue before it and (2) whether the district court's findings of fact and its application of those findings of fact to the correct legal standard were illogical, implausible, or without support in inferences that may be

drawn from facts in the record." *Guy v. City of San Diego*, 608 F.3d 582, 586 (9th Cir. 2010) (internal quotation marks omitted) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc)).

The district court identified the correct legal standard, but it was mistaken in insisting that Plantan filed a lawsuit as the assignee of Hanson's claims. Plantan made clear that he intended to sue as the assignee of Hanson bankruptcy estate's claims. Plantan's complaint does state that he was asserting the Hansons' "right against third parties." However, this was an obvious drafting error. The assignment agreement, identified in the complaint as the source of Plantan's claims, plainly makes Plantan the assignee of the Hanson bankruptcy estate's claims. Plantan explained the true nature of his claim in his response to the motion to dismiss and in his motion for leave to amend, attaching a copy of the assignment to both filings. We conclude that the court's findings that Plantan litigated the claim in bad faith and rejected the settlement in bad faith are "without support in inferences that may be drawn from facts in the record." *Guy,* 608 F.3d at 586.

We dismiss as untimely the appeal from the judgment on the merits. We reverse the award of attorney's fees. Each side shall bear its own costs on appeal.

**DISMISSED AND REVERSED**

4