**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL SAAVEDRA, | No. 09-17775 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-02180-CRB |
| v. | |
| L. E. SCRIBNER, Warden; D. TRAVERS; ANTHONY HEDGPETH; P. MANDEVILLE; J. CELAYA; J. MCCALL; R. PARIN, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted May 14, 2012
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Plaintiff Michael Saavedra, an inmate at Salinas Valley State Prison, sued

various prison officials for alleged due process violations arising out of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

placement and retention in administrative segregation and the disciplinary proceedings that followed. The district court granted summary judgment to Defendants. It held that the notice given to Saavedra for his placement in administrative segregation was constitutionally deficient, but that Defendants were entitled to qualified immunity. We affirm.

We review "questions of our own jurisdiction *de novo*." *Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1140 (9th Cir. 2009). We review a decision to grant summary judgment on the basis of qualified immunity *de novo*. *See Bingham v. City of Manhattan Beach*, 341 F.3d 939, 945 (9th Cir. 2003). The doctrine of qualified immunity is a two-part test. "First, a court must decide whether the facts that a plaintiff has . . . shown . . . make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "Second . . . the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* For a right to be clearly established, the unlawfulness of official action "must be apparent" "in the light of pre-existing law." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (internal quotation marks and citation omitted).

1.     *Rooker-Feldman* Doctrine. As a preliminary matter, Defendants contend that the *Rooker-Feldman* doctrine bars jurisdiction over this case. The

*Rooker-Feldman* doctrine bars federal court jurisdiction where a federal plaintiff is "complaining of injuries caused by state-court judgments" and is "inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine does not bar this action on the basis of the state court's denial of Saavedra's habeas petition because Saavedra complains of due process injuries caused by Defendants' conduct, not injuries caused by a state court judgment.

2. *Due Process Violations.* For placement in administrative segregation, an inmate must "receive some notice of the *charges* against him," *Hewitt v. Helms*, 459 U.S. 460, 476 (1983) (emphasis added), or "notice of the factual basis leading to consideration" for confinement, *Wilkinson v. Austin*, 545 U.S. 209, 225-26 (2005). The notice must be delivered "within a reasonable time following an inmate's transfer" in order to be effective in helping the inmate prepare a defense at his hearing. *See Hewitt*, 459 U.S. at 476 n.8; *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 & n.20 (9th Cir. 1986) ("Prison officials must hold an informal nonadversary proceeding within a reasonable time after the prisoner is segregated.").

The notice delivered to Saavedra on April 15, 2004, the day of his segregation, stated that Saavedra was "deemed a threat to the safety and security of

3

the institution, it's [sic] staff, and inmates" based on "confidential information." Defendants knew that Saavedra was being investigated for overfamiliarity with staff, yet failed to notify Saavedra of that fact. We agree with the district court's holding that this April 15 notice was constitutionally insufficient under *Hewitt*.

Nearly two months after his segregation, at a hearing on June 10, Defendants gave Saavedra a CDC 1030 form notifying him that his placement in administrative segregation was because of a still-ongoing investigation into the charge for overfamiliarity with staff. We hold that a two-month delay between placement in administrative segregation and the June 10 notice of the charges was unreasonable in violation of due process. *See Hewitt*, 459 U.S. at 476 n.8; *Toussaint*, 801 F.2d at 1100 & n.20.

Defendants' contention that Saavedra lacks a protectable liberty interest was not raised in the district court. Accordingly, they have waived this issue. *See Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1110 (9th Cir. 2010) (finding waiver on appeal of question of protectable liberty interest where defendants failed to raise it in the district court).

3.      *Qualified Immunity*. We hold that qualified immunity protects Defendants from liability for the due process violations described above. We also hold that qualified immunity protects Defendants from liability for Saavedra's

other notice-based due process claims, but need not decide whether the facts establish a violation of his constitutional rights. *See Pearson*, 555 U.S. at 236 (holding that a court may decide the question of qualified immunity without deciding the underlying constitutional question).

We begin with the question of qualified immunity for the constitutional violation arising out of the deficient notice on April 15, and the failure to effect timely and sufficient notice prior to the June 10 hearing. Because our cases do not give adequate guidance both on the level of specificity required in a *Hewitt* notice and on ensuring timely delivery of a *Hewitt* notice, there is qualified immunity for the time period from April 15 to June 10.

Assuming without deciding that the June 10 notice of the charges was constitutionally deficient, we conclude that Defendants are entitled to qualified immunity for the June 10 notice. From a reading of our cases and the Supreme Court's, it would not be apparent to a prison official in 2004 that a *Hewitt* notice requires more than the notice provided.

Defendants are also entitled to qualified immunity for any constitutional violations arising out of the notice delivered to Saavedra for his subsequent disciplinary proceedings that resulted in loss of good time. That notice disclosed the charge and some factual basis for the charge. It would not be apparent to a

prison official that he needed to disclose more than this information in a notice to initiate disciplinary proceedings, especially where a portion of the evidence used to support the disciplinary action was legitimately confidential. *See Zimmerlee v. Keeney*, 831 F.2d 183, 188 (9th Cir. 1987) ("*Wolff* [*v. McDonnell*, 418 U.S. 539, 563-66 (1974)] provides little guidance as to the specificity of notice necessary to satisfy due process."); *McCollum v. Miller*, 695 F.2d 1044, 1048 (7th Cir. 1982) (explaining that more notice is not necessary where disclosure of evidence may impose significant costs on the prison's investigation into, and prosecution of, misconduct).

    4.    *"Some Evidence" Justified Saavedra's Placement in Segregation.* Assuming the "some evidence" standard applies to the initial placement in administrative segregation, *compare Toussaint*, 801 F.2d at 1104 (requiring "some evidence"), *with Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) (not requiring "some evidence"), the evidence Defendants used to place Saavedra in administrative segregation satisfied the "some evidence" standard.

    **AFFIRMED.**