ALLIANCE FOR THE WILD
ROCKIES, et al.
Plaintiffs,

v.

Leanne MARTEN, et al., Defendants.

CV-15-99-M-BMM

United States District Court,
D. Montana,
Missoula Division.

Signed July 27, 2016

Timothy M. Bechtold, Bechtold Law Firm, Rebecca Kay Smith, Missoula, MT, for Plaintiffs.

Mark Steger Smith, Office of the U.S. Attorney, Billings, MT, Nicole Marie Smith, U.S. Department of Justice-E.N.R.D. General Litigation, Washington, DC, for Defendants.

## ORDER

Brian Morris, United States District Court Judge

### I. Background

Summary judgment briefing in this case concluded on May 3, 2016. Defendants notified Plaintiffs on June 14, 2016, that logging may commence on July 15, 2016. Plaintiffs filed a motion for preliminary injunction on June 15, 2016. The Court set a hearing on all pending motions for July 8 2016.

Federal Defendants filed a "Notice of New Information" on June 28, 2016. The notice informed the Court that the United States Forest Service (the "USFS") had issued a letter that suspended logging implementation. (Doc. 36-1; Doc. 36-2; Doc. 36-3.) The Court vacated the July 8, 2016, hearing. Federal Defendants filed a motion to stay all proceedings in this case on June 29, 2016. Federal Defendants failed to respond to Plaintiffs' motion for preliminary injunction by June 29, 2016, as required by Local Rule 7.1(d)(1)(B)(ii).

The USFS discovered that the Biological Assessment for the Greater Red Lodge Project ("Project") "erroneously stated that all project units" fall "within the designated lynx critical habitat." (Doc. 36-2.) The USFS also has discovered that the Project area may contain more acres of "matrix habitat (non-lynx habitat within lynx critical habitat)" than identified in the Updated Biological Assessment. *Id.* These discoveries have led the agencies to suspend the Project until the agencies reinitiate consultation. *Id.* The agencies agree to perform "any necessary environmental analysis" and determine whether a new decision for the Project proves necessary. *Id.* On these grounds, Federal Defendants have requested that the Court stay all litigation. (Doc. 38.) Plaintiffs oppose the motion. (Doc. 40.)

### II. Discussion

The Court possesses broad discretion to manage its own docket, which includes the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The Court must consider the "possible damage" the stay may cause, "the hardship or inequity" that a party may suffer if the case goes forward, and whether a stay would simplify or complicate the issues, proof, and questions of law of the case. *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1110 (9th Cir.2005).

Federal Defendants argue that the Court should stay the proceedings while the USFS reinitiates Section 7 consultation as a result of factual errors found in the Updated Biological Assessment. (Doc. 36 at 2-3.) Federal Defendants assert that the new consultation documents will render Plaintiffs' claims moot. "[A] party moving for dismissal on mootness grounds bears a heavy burden." *Hunt v. Imperial Merchant Services, Inc.*, 560 F.3d 1137, 1141 (9th Cir.2009). Federal Defendants have promised to reinitiate consultation. (Doc. 36-2.) Federal Defendants have not provided the Court with a new biological assessment or biological opinion. The Ninth Circuit has recognized that a court should not have to "dismiss a live controversy as moot merely because it may become moot in the near future." *Id.* at 1142.

The party who asserts mootness bears the burden of showing that the Court cannot provide any effective relief.

*Forest Guardians v. Johanns*, 450 F.3d 455, 462 (9th Cir.2006). The Court should not render an action moot when a declaratory judgment could provide effective relief, even when injunctive relief may be rendered moot during litigation. *Id.* Reinitiation of consultation to redefine lynx critical habitat and lynx matrix habitat in the Project area does not provide the requested relief Plaintiffs seek in their request for summary judgment or their request for preliminary injunction.

Plaintiffs' Endangered Species Act ("ESA") claims seek reinitiation of consultation on the Lynx Amendment, current grizzly bear distribution and suitable habitat, the USFS's forest wide mapping of lynx habitat, and the USFS's alleged designation of the Project area as Management Situation 2. Plaintiffs also assert that the agencies' conclusions regarding lynx, lynx critical habitat, and grizzly bears for the Project prove arbitrary and capricious. The agencies' reinitiation of consultation to redefine lynx critical habitat and lynx matrix habitat within the Project likely will not address Plaintiffs' claims. A dispute with "present and future consequences" remains even if the USFS reinitiates consultation. *Forest Guardians*, 450 F.3d at 462–63.

Furthermore, the Plaintiffs have raised claims under the National Environmental Policy Act ("NEPA") and the National Forest Management Act ("NFMA"). The reinitiation of Section 7 ESA consultation does not remedy Plaintiffs NEPA or NFMA claims. The USFS promises to conduct "necessary environmental analysis" and "determine whether a new decision is necessary." (Doc. 36-2.) The USFS may decide to perform new NEPA analyses after it reinitiates consultation. The USFS could find, however, that new NEPA analyses proves unnecessary. The ESA consultation should not moot the Plaintiffs NEPA and NFMA claims. The Court

should find a stay unjustified when the other proceeding proves "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court." *Lockyer*, 398 F.3d at 1113. A stay at this juncture would not simplify the proof or questions of law at issue in this case. *Lockyer*, 398 F.3d at 1110.

Federal Defendants argue that the Plaintiffs cannot show irreparable injury to support a motion for preliminary injunction when the USFS has suspended the Project. Federal Defendants argue that judicial review at this time would interfere with the agencies' ongoing environmental review and decision making process. The USFS has not withdrawn the Record of Decision ("ROD") for this Project. The USFS merely has suspended "on-the-ground action to implement the [Project]" until the USFS completes reinitiation of consultation. The case could become moot upon the issuance of a decision that replaces the ROD. *See Nat'l. Wildlife Fedn. v. U.S. Army Corps of Engineers*, 132 F.Supp.2d 876, 895 (D.Or.2001). Judicial resources will not be wasted to resolve this issue when the Federal Defendants only have delayed temporarily action to implement the Project.

The Court finds unpersuasive Federal Defendant's argument that proceeding with the case would cause hardship or inequity to Federal Defendants. The USFS's promised reinitiation of consultation does not purport to address the same issues raised by Plaintiffs. Judicial review would not interfere with the Federal Defendants' ongoing decision-making process when the Federal Defendants have limited their consultation on lynx critical habitat and lynx matrix habitat. The Court can fashion a schedule in this case that addresses the Federal Defendants' concerns without staying all litigation.

Accordingly, **IT IS ORDERED** that

1. Federal Defendants' Motion to Stay All Proceedings (Doc. 38) is **DENIED**.

2. The parties shall convene for a telephonic status conference on August 16, 2016, at 10:00 a.m. The parties shall be prepared to discuss the schedule for proceeding with this action.