NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-15622 |
| Plaintiff-Appellee, | D.C. No. 1:12-cv-00319-ACK-KSC |
| v. | |
| BRENDA L. STATON; RONALD B. STATON, | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| NAVY FEDERAL CREDIT UNION; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted July 15, 2019**

Before:    SCHROEDER, SILVERMAN, and CLIFTON Circuit Judges.

Brenda L. Staton and Ronald B. Staton appeal pro se from the district court's

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order confirming sale in this foreclosure action brought by the United States to enforce federal tax liens on the Statons' property to satisfy Ronald Staton's federal tax liabilities. We review de novo questions of our own jurisdiction, *Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1140 (9th Cir. 2009), and we dismiss this appeal as moot.

The district court entered an order confirming sale, approved the report by the commissioner for foreclosure sale, and determined the priority of the disbursements of the proceeds of the sale which took place on December 20, 2017. Because the property was sold, and the Statons do not request any relief beyond the reversal of the sale, this appeal is moot. *See Holloway v. United States*, 789 F.2d 1372, 1373 (9th Cir. 1986) ("[A]n appeal will be dismissed as moot when events occur which prevent the appellate court from granting any effective relief even if the dispute is decided in favor of the appellant." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**DISMISSED.**