NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW MULLER, | No. 18-16693 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-00376-RCC-PSOT |
| v. | |
| UNITED STATES OF AMERICA, named as United States, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted January 8, 2020**

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Matthew Muller appeals pro se from the district court's judgment dismissing

his action alleging constitutional claims and violations of the Administrative

Procedure Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Muller's requests for oral
argument are denied.

*Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1140 (9th Cir. 2009) (questions of our own jurisdiction); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We dismiss the appeal as moot.

Muller seeks injunctive relief delaying his extradition and allowing a forensic psychologist to examine him in prison. While this case was pending on appeal, Muller was extradited from U.S. Penitentiary Tucson, Arizona. Because we cannot grant the relief Muller requests, we dismiss this appeal as moot. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." (citation and internal quotation marks omitted)); *Am. Cas. Co. of Reading, Pa. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) (a case is moot when there is no longer a present controversy as to which effective relief can be granted). To the extent Muller's claims relate to actions defendants might take if Muller returns to U.S. Penitentiary Tucson in the future, his claims are not ripe. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (citations and internal quotation marks omitted)).

Muller's motion for appointment of counsel for appellees is denied.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**DISMISSED.**