NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| METROPCS GEORGIA, LLC, a Delaware corporation,<br><br>　　　　　Plaintiff-Appellee,<br><br>　v.<br><br>JAD DEA, an individual,<br><br>　　　　　Defendant-Appellant,<br><br>　and<br><br>METRO DEALER, INC., a Florida corporation; MOBILE USA, INC., a Florida corporation,<br><br>　　　　　Defendants. | No. 19-35402<br><br>D.C. No. 2:18-cv-01476-RAJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted January 8, 2020[**]

Before:　　CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jad Dea appeals pro se from the district court's order granting a preliminary injunction in MetroPCS Georgia LLC's diversity action against Dea. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review de novo questions of our own jurisdiction, *Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1140 (9th Cir. 2009), and we dismiss this appeal as moot.

The district court's April 15, 2019 order granting a preliminary injunction against Dea specified that the injunction would "remain in effect for six months, or until the trial on this matter, whichever comes first." The six-month injunction period has expired and MetroPCS Georgia LLC has not sought to renew the injunction. Accordingly, we dismiss this appeal as moot. *See Am. Tunaboat Ass'n v. Brown*, 67 F.3d 1404, 1407 (9th Cir. 1995) ("A case is moot if it has lost its character as a present, live controversy. We cannot take jurisdiction over a claim as to which no relief can be granted." (citations omitted)); *see also Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016) (dismissing as moot an appeal of preliminary injunction where the injunction expired and the plaintiff did not seek to renew the injunction; explaining that this court's "jurisdiction [in such appeals] hinges on whether the parties have a continued, legally cognizable interest in the validity of the injunction").

**DISMISSED.**