NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TROY TICEY; CYNTHIA TICEY, | No.   23-35614 |
| Plaintiffs-Appellants, | D.C. No. 2:22-cv-01110-MJP |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Mutual Bank; DOES, 1-30, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted March 3, 2025**
San Francisco, California

Before:  FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiffs-Appellants Troy Ticey and Cynthia Ticey appeal the dismissal of

their action against Defendant-Appellee Federal Deposit Insurance Corporation

("FDIC") pursuant to Federal Rules of Civil Procedure ("Rules") 9(b) and 12(b)(6).

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

On March 31, 2023, the district court dismissed Plaintiffs' initial complaint but granted Plaintiffs leave to amend their undue influence claim and allowed Plaintiffs to plead a fraud claim. Plaintiffs filed an amended complaint, and on July 25, 2023, the district court dismissed all of Plaintiffs' claims with prejudice. Plaintiffs appeal both the March 2023 and July 2023 dismissals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We have jurisdiction to determine whether we have jurisdiction to hear the case." *Aguilar v. Walgreen Co.*, 47 F.4th 1115, 1120 (9th Cir. 2022) (quoting *Childs v. San Diego Fam. Hous. LLC*, 22 F.4th 1092, 1095 (9th Cir. 2022)). We review questions of our jurisdiction de novo. *Id.* (citing *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1140 (9th Cir. 2009)).

The FDIC argues that this court is without jurisdiction to review Plaintiffs' case.[1] As receiver for Washington Mutual, the FDIC set a claims bar date of December 30, 2008. *See e.g.*, *Alkasabi v. Wash. Mut. Bank, F.A.*, 31 F. Supp. 3d 101, 104 (D.D.C. 2014). Under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), "claims filed after the [claims bar] date . . . shall be disallowed and such disallowance shall be final." 12 U.S.C. § 1821(d)(5)(C)(i); *see*

---

[1] The FDIC referenced this argument in a footnote in its motion to dismiss before the district court but did not fully address it until this appeal. Jurisdictional objections "can be raised at any time in the litigation." *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023).

*also Rundgren v. Wash. Mut. Bank, FA*, 760 F.3d 1056, 1060–61 (9th Cir. 2014). We have "read the claims bar date to be a jurisdictional requirement." *Intercontinental Travel Mktg., Inc. v. FDIC*, 45 F.3d 1278, 1284 (9th Cir. 1994). We have also held that FIRREA's jurisdictional bar does not always extend to claims for breach of contract against the FDIC for contracts inherited by the receiver that are not discharged during the receivership appointment. *See Sharpe v. FDIC*, 126 F.3d 1147, 1155 (9th Cir. 1997) ("Although the statute clearly contemplates that the FDIC can escape the obligations of contracts, it may do so only through the prescribed mechanism. . . . FIRREA does not permit the FDIC to breach contracts at will."); *Bank of Manhattan, N.A. v. FDIC*, 778 F.3d 1133, 1137 (9th Cir. 2015) (affirming that *Sharpe*'s breach of contract exception is still good law; *McCarthy v. FDIC*, 348 F.3d 1075, 1078 (9th Cir. 2003) (recognizing that "*Sharpe* was an unusual case").

Because Plaintiffs filed their claim with the FDIC over a decade after the passing of the claims bar date, it is untimely and this court lacks jurisdiction. And although Plaintiffs included a breach of contract claim in their original complaint, they alleged that Washington Mutual, and not the FDIC, breached the contract because the contract failed to allow Plaintiffs to convert their interest rate, as discussed with the Washington Mutual branch agent, and failed to incorporate advertised loan terms. The breach of contract exception to FIRREA's jurisdictional

3

bar thus does not apply.

Even if we were to conclude that Plaintiffs intended their claim for breach of contract to be against the FDIC, such that the district court had jurisdiction, we would nevertheless affirm. "We review dismissals under Rules 9(b) and 12(b)(6) de novo." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We agree with the district court that "the provisions concerning the limited duration of the conversion from a variable to fixed interest rate were clearly disclosed" and unambiguous. Plaintiffs failed to allege a breach of contract "because they have not alleged any facts that would demonstrate a violation of this term of the Loan Agreement."

FIRREA also contains a limited exception to the claims bar requirement that applies if "the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date," § 1821(d)(5)(C)(ii)(I), but that exception is not applicable here. Plaintiffs explain their delay by arguing that they were unaware of the alleged defects in their loan agreement, not that they were unaware of the appointment of the FDIC as receiver for Washington Mutual. Therefore, we lack jurisdiction to review Plaintiffs' claims.

**AFFIRMED.**