**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT STONER, | No. 19-55920 |
| Plaintiff-Appellee, | D.C. No. 5:16-cv-01045-JAK-PLA |
| v. | |
| DOES, 1 - 10, inclusive; MICHAEL HEUER, Deputy, | MEMORANDUM[*] |
| Defendants, | |
| and | |
| COUNTY OF RIVERSIDE; RICHARD FRANSIK, Deputy, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted August 11, 2020
Pasadena, California

Before: WARDLAW and VANDYKE, Circuit Judges, and HILLMAN,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

Memorandum joined by Judge VANDYKE and Judge HILLMAN
Dissent by Judge WARDLAW

Defendants County of Riverside and Deputy Fransik appeal the district court's grant of Plaintiff Stoner's Rule 59(e) motion to amend the judgment reached by the jury. We have jurisdiction under 28 U.S.C. § 1291 and review the grant of a Rule 59(e) motion for abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). The district court may grant Rule 59(e) motions where it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263. Based on the jury instructions and jury verdict form, we hold that the district court abused its discretion in amending the verdict and reverse.

Stoner filed a claim under 42 U.S.C. § 1983 alleging Defendants used excessive force to arrest him in violation of the Fourth Amendment. The case proceeded to a jury trial and the parties' attorneys agreed to the jury instructions. Jury Instruction 26 listed eight factors for the jury to consider "[i]n determining whether the officer used excessive force." Question 1 on the jury verdict form asked whether Deputy Fransik "use[d] excessive or unreasonable force against Scott Stoner" and the jurors checked "yes." But that was only the initial step in the analysis. The jury verdict form then asked in Question 2 whether Deputy Fransik's actions were "the moving force in causing harm to Scott Stoner," and the jurors

2

checked "no." According to the form, the jurors did not have to answer further questions after answering Question 2 in the negative. The district court initially entered the verdict as a defense judgment.

The district court then granted Stoner's Rule 59(e) motion to amend the judgment to a Plaintiff's verdict, concluding that "the jury found that Corporal Fransik violated Plaintiff's Fourth Amendment rights" because in answering "yes" to Question 1, the jurors found "that Corporal Fransik had not acted in an 'objectively reasonable' manner." But the former does not follow from the latter, especially in light of Jury Instruction 27, which stated that "to establish that the acts of [the officer] *deprived the plaintiff of particular rights* … the plaintiff must prove … that the [officer's] acts were ... the moving force that caused the ultimate injury." (emphasis added). This instruction was explicit and consistent with precedent: both factual and proximate causation are required to find a constitutional violation. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008); *see also Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007). Under the jury instructions that both parties agreed to, there could be no constitutional violation unless under Question 2 the jury found Deputy Fransik's unreasonable force was the proximate cause of Stoner's injuries.

We presume jurors follow jury instructions, *see Weeks v. Angelone*, 528 U.S. 225, 234 (2000), and the jurors concluded through Question 2 on the jury verdict

form that Deputy Fransik was not the "moving force," or proximate cause, of Stoner's injuries. The jurors thus necessarily did *not* find a constitutional violation.[1] The district court's conversion of the jury's defense verdict grant to a Plaintiff's verdict was clearly erroneous and an abuse of discretion.

**REVERSED**.[2]

---

[1] This case involves a finding of excessive force coupled with a finding that the force used was not the proximate cause of the plaintiff's injury, and thus not a constitutional violation. The cases cited by the Plaintiff and the district court that address jury findings of a *confirmed* constitutional violation, but with no compensable injury, are thus inapposite. *See Guy v. City of San Diego*, 608 F.3d 582, 585 (9th Cir. 2010); *George v. City of Long Beach*, 973 F.2d 706, 708 (9th Cir. 1992); *Romberg v. Nichols*, 953 F.2d 1152, 1160–61 (9th Cir. 1992), *opinion amended and superseded*, 970 F.2d 512 (9th Cir. 1992), *cert. granted, judgment vacated,* 506 U.S. 1075 (1993); *Floyd v. Laws*, 929 F.2d 1390, 1402–03 (9th Cir. 1991).

[2] Because we find no constitutional violation and reverse, we do not reach Defendants' second argument that Stoner's § 1983 claim violated the *Heck* bar.

*Stoner v. County of Riverside*, No. 19-55920

WARDLAW, Circuit Judge, dissenting:

I respectfully dissent. I am not "convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) (quoting *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000)).

Here, the jury was not tasked with returning a general verdict in favor of one party or the other; it was asked to make three factual findings in response to questions on a special verdict form. The jury's answers to the first two questions created an ambiguity as to whether it found a constitutional violation—in other words, whether the court should enter a verdict in favor of the plaintiff or the defense. When there is ambiguity in a jury's answers on a special verdict form, "it is the duty of the courts to attempt to harmonize the answers," including "by exegesis if necessary." *Gallick v. Balt. & Ohio R.R., Co.*, 372 U.S. 108, 119 (1963). Here, the district court concluded that the jury's answers could be "harmonized" because "under the instruction to which both sides agreed, the jury could conclude that, although Corporal Fransik used excessive force when he released Whiskey and/or when he did not remove him sooner from Plaintiff, those actions were not the 'moving force' behind Plaintiff's severe and atypical injuries." The district court concluded that, by answering "yes" to Question 1, "the jury

1

found that Corporal Fransik violated Plaintiff's Fourth Amendment rights." "[T]hat the jury answered 'no' to Question 2 . . . does not mean that it found no constitutional violation. It instead shows that the jury made a finding that precludes Plaintiff from recovering compensatory damages for the injuries he sustained." That is, though there was excessive use of force in violation of the Fourth Amendment, as the jury was instructed in Jury Instruction No. 26, that force was not "the moving force that caused the ultimate injury," as instructed by Jury Instruction No. 27.

This was a reasonable conclusion in light of the two instructions, read together. Instruction No. 26 described excessive force in violation of the Fourth Amendment. Verdict Question 1 asked whether Fransik used excessive force, and the jury responded affirmatively, finding the constitutional violation. Instruction No. 27 introduced the requirement of causation, and in verdict Question 2 the jury found Fransik's use of unconstitutional force did not cause Stoner's "ultimate injury." Ample evidence in this particular record supported the jury's finding, as after the dog seized Stoner, he fought with the dog, creating the atypical injuries Stoner ultimately suffered. This interpretation of the verdict does not "lie[] beyond the pale of reasonable justification.'" *Estate of Diaz*, 840 F.3d at 601.

Because the majority reverses on the jury verdict issue, it does not reach Fransik's claim that Stoner's suit against him was *Heck*-barred. The district court

2

did not err by denying Fransik's motion for judgment as a matter of law on *Heck* grounds. Stoner was convicted for "knowingly resist[ing], by the use of force or violence," Deputy Heuer's undisputedly lawful attempt to arrest him. Cal. Penal Code § 69 (West). Whether or not Corporal Fransik used illegal excessive force when he released the K-9 is irrelevant to the "lawful[ness]" of Deputy Heuer's actions. *People v. Smith*, 57 Cal. 4th 232, 241 (2013). Therefore, "a judgment in favor of" Stoner against Fransik does not "necessarily imply the invalidity of [Stoner's] conviction or sentence." 512 U.S. 477, 487 (1994).

For the above reasons, I would affirm the district court's judgment in full.

3